IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FLORETTA WILLIAMS-JOHNSON, | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Action No. RDB-24-1197 |
| PARIS FOODS CORP., | * | |
| *Defendant*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Through the instant employment discrimination case, Plaintiff Floretta Williams-Johnson ("Plaintiff" or "Williams-Johnson") alleges that her former employer, Defendant Paris Foods Corporation ("Defendant" or "Paris Foods"), discriminated against her on the basis of sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17, and the Maryland Fair Employment Practices Act ("MFEPA"), MD. CODE ANN., STATE GOV'T § 20-606, (Count I). (ECF No. 1 ¶¶ 22–25.)[1] She further alleges common law defamation (Count II). (*Id.* ¶¶ 26–32.) Presently pending in this Court are two motions filed by the Defendant: (1) an unopposed Motion to Vacate Order of Default and for Leave to Respond to Complaint (ECF No. 8); and (2) a Motion to Dismiss the Complaint (ECF No. 10), which is fully briefed (ECF Nos. 11 (Plaintiff's Response); 14 (Defendant's Reply)). The parties' submissions have been reviewed and no hearing is necessary. Loc. R.

---

[1] For clarity, this Memorandum Opinion cites to the ECF generated page number, rather than the page number at the bottom of the parties' various submissions, unless otherwise indicated. Likewise, this Memorandum Opinion cites to the ECF generated document number, rather than the exhibit number provided by the parties' various submissions.

105.6 (D. Md. 2023).  For the reasons that follow, the Defendant's Motion to Vacate Order of Default and for Leave to Respond to Complaint (ECF No. 8) and Motion to Dismiss the Complaint (ECF No. 10) are both GRANTED.  With respect to the Motion to Dismiss the Complaint (ECF No. 10), Plaintiff's Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)).  Except where otherwise indicated, the following facts are derived from Plaintiff's Complaint (ECF No. 1), and accepted as true for the purpose of Defendant's Motion to Dismiss the Complaint (ECF No. 10).

Plaintiff Floretta Williams-Johnson is a woman who worked as a production worker at Defendant Paris Food Corporation's facility in Trappe, Maryland.  (ECF No. 1 ¶ 4.)  Through her Complaint, she alleges that, on August 31, 2023, while socializing with coworkers in the breakroom, she gifted her coworker Kenyatta Peterson ("Peterson") "a bottle of lotion, a nightgown, and a Leap Pad game system for her son."  (*Id.* ¶ 7.)  Williams-Johnson alleges that Peterson thanked her before the two exited the breakroom to begin their shifts.  (*Id.* ¶ 9.)

Plaintiff alleges that, sometime around the gift exchange,[2] Aquwina Carr ("Carr")—a friend and former coworker of Plaintiff—received a phone call from Production Supervisor

---

[2] While the Complaint indicates this phone call happened on August 26, 2023 (ECF No. 1 ¶ 10), the Court is inclined to assume conversation post-dated the August 31, 2023 gift exchange.

Angela Jones, who was Peterson and Plaintiff's direct supervisor. (*Id.* ¶¶ 10, 13.) Jones allegedly "boasted she had finally gotten '[Ms. Williams-Johnson's] a** out of here'" and indicated that "'[Paris Foods] are getting ready to do something'" with Plaintiff. (*Id.* ¶ 10.)

On September 5, 2023, Williams-Johnson was called into a meeting with Production Manager Kyrie Manokey and Human Resources Manager Katie Liveston ("Liveston"). (*Id.* ¶ 11.) Williams-Johnson alleges that during that meeting, she was informed that Peterson had filed a sexual harassment complaint against her, which alleged that Plaintiff had gifted Peterson a nightgown and grabbed Peterson's hand, and that both gestures were unwelcome and "immediately reported" to Jones. (*Id.* ¶¶ 12–13.) According to Plaintiff, Liveston "acknowledged . . . that [Plaintiff] likely 'didn't mean any harm' by her conduct," but claimed "Defendant had 'no choice' but to 'treat her like a man' and terminate her for violating the company's sexual harassment policy." (*Id.* ¶ 14.) Williams-Johnson alleges she was then escorted by security "in front of her former coworkers." (*Id.* ¶ 18.)

Plaintiff alleges that she "encountered [] Peterson" on September 10, 2023, who allegedly told Williams-Johnson that "the sexual harassment complaint had been orchestrated by [] Jones." (*Id.* ¶¶ 19–20.) According to Plaintiff, Peterson recounted that after she showed Jones the gifts, Jones "insisted the nightgown was 'inappropriate' and that [] Peterson had to file a complaint." (*Id.* ¶ 20.) Plaintiff further alleges that Peterson told her that Jones "had instructed her exactly what to write in the complaint—including fabricating the claim that [Plaintiff] had grabbed [her] hand." (*Id.* ¶ 21.)

Sometime thereafter, Williams-Johnson filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). (*Id.* ¶ 3.) The EEOC

declined to proceed with her claim and therefore issued her a right-to-sue letter dated April 3, 2024. (*Id.*; *see also* ECF No. 1-1.)

On April 24, 2024, Williams-Johnson initiated the instant lawsuit against her former employing, alleging one count of discrimination on the basis of sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17, and the Maryland Fair Employment Practices Act ("MFEPA"), MD. CODE ANN., STATE GOV'T § 20-606, (ECF No. 1 ¶¶ 22–25); and one count common law defamation, (*id.* ¶¶ 26–32). In Count I, Williams-Johnson alleges that Defendant disciplined her "more harshly for conduct far less severe than that of a male employee," citing an incident where a male employee accused of sexual harassment was not terminated after he allegedly "urinated in front of a female employee and then assaulted a second female employee when she confronted him." (*Id.* ¶¶ 16–17, 22–25.) In Count II, Williams-Johnson alleges that because she "has been approached by members of the community not associated with [Defendant], who nonetheless know she was terminated for 'sexual harassment,'" that Defendant "clearly published these false and defamatory statements to third parties." (*Id.* ¶¶ 26–32.)

On May 2, 2024, Plaintiff filed an affidavit of service swearing service was effectuated on a "Registered Agent for the Defendant" on May 1, 2024. (ECF No. 3.) Attached thereto was U.S. Postal Service Tracking information and a Certified Mail Receipt (i.e., PS Form 3800), which indicated that the delivery was "[l]eft with individual" at the delivery address. (ECF No. 3-1.) Although certified mail is an authorized method of service under Maryland Rule 2-121

4

(a)(3),[3] the rule requires this method to include *restricted delivery* to the individual named, in this case the registered agent, which Plaintiff did not request. (*See* ECF No. 3-1.) Further, while a return receipt was requested on the submitted PS Form 3800, a signed return receipt (i.e., PS Form 3811) was not included with Plaintiff's submission, (*id.*), as is required by Maryland Rule 2-126(a)(3).

Nevertheless, on July 9, 2024, Plaintiff moved for a Clerk's entry of default against Defendant pursuant to Fed. R. Civ. P. 55(a). (ECF No. 6.) On July 25, 2024, the Clerk of Court entered an Order of Default and issued a Notice of Default to Paris Foods. (ECF Nos. 6, 7.)

On August 2, 2024, Paris Foods filed a Motion to Vacate Order of Default and for Leave to Respond to Complaint (ECF No. 8), which is unopposed and remains pending on this Court's docket. Therein, Paris Foods emphasizes that Plaintiff's use of certified without restricted delivery did not constitute proper service and further highlighting Plaintiff's failure to include a signed return receipt in her filing. (ECF No. 8-1 at 2–3.) Defendant further argues that, even if service was proper, the motion should be granted under Fed. R. Civ. P. 55(c),[4] contending Paris Foods has a meritorious defense and acted with reasonable

---

[3] Maryland allows service of process to be effected "by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting: []Restricted Delivery—show to whom, date, address of delivery[,]" with service by certified mail "completed upon delivery." MD. R. 2-121(a)(3).

[4] Pursuant to Federal Rule of Civil Procedure 55(c), a court may "set aside an entry of default for good cause." The Fourth Circuit has announced a "strong policy that cases be decided on their merits." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993). Therefore, a motion to vacate default must be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969). "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Id.* When considering whether to set aside an entry of default, the Court weighs six factors: (1) whether the movant has a meritorious defense, (2) whether the movant acted with reasonable promptness, (3) whether the movant bears personal responsibility for the entry of default, (4) any prejudice to the non-moving party, (5) any history of dilatory action, and (6) the

promptness, and there is no prejudice to Williams-Johnson and no history of dilatory action by Defendant. (*Id.* at 4–7.) As discussed *supra*, Plaintiff failed to properly effectuate service on Paris Foods, as her submission to the Court fails to conform with Maryland Rules 2-121(a)(3) and 2-126(a)(3). Accordingly, Defendant's Motion to Vacate Order of Default and for Leave to Respond to Complaint (ECF No. 8) is GRANTED.

On August 16, 2024, Paris Foods filed the pending Motion to Dismiss the Complaint (ECF No. 10), which seeks to dismissal pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff responded in opposition (ECF No. 11), and Paris Foods replied (ECF No. 14). This motion is ripe for review.

## STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P 8(a)(2). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotations omitted).

To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (quoting *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the

---

availability of lesser sanctions short of default judgment. *See Colleton v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). As the Court finds that Plaintiff failed to properly effectuate service on Paris Foods, it need not address these six factors.

6

elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). A complaint need not include "detailed factual allegations." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint must, however, set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 556 U.S. at 678; *see A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

## ANALYSIS

Through her Complaint, Floretta Williams-Johnson asserts one claim of discrimination on the basis of sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17, and the Maryland Fair Employment Practices Act ("MFEPA"), MD. CODE ANN., STATE GOV'T § 20-606, (ECF No. 1 ¶¶ 22–25); and one count common law defamation, (*id.* ¶¶ 26–32). Through Paris Foods' Motion to Dismiss the Amended Complaint, her former employer seeks dismissal of all counts. (ECF No. 10.)

**I.    Plaintiff's Sex Discrimination Claim Under Title VII and MFEPA**

In Count I, Williams-Johnson alleges that Paris Foods discriminated against her on the basis of sex, in violation of Title VII and MFEPA. Because Maryland courts "traditionally seek guidance from federal cases in interpreting [MFEPA]" *Haas v. Lockheed Martin Corp.*, 914 A.3d 735, 742 (Md. 2007), the Court discusses Count I under the Title VII framework.

Title VII of the Civil Rights Act of 1964 proscribes discrimination in employment on

the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). As a precondition to the commencement of a Title VII action in court, a complainant must first file a charge with the EEOC. *Fort Bend Cnty. v. Davis*, 587 U.S. 541, 543 (2019) (citing 42 U.S.C. § 2000e-5(e)(1), (f)(1)). After examining her claims and finding no discrimination, the EEOC issued Plaintiff a right-to-sue letter dated April 3, 2024 (ECF No. 1-1), and Plaintiff commenced this lawsuit on April 24, 2024. As such, it is undisputed that Plaintiff exhausted administrative remedies prior to commencement of this Title VII action.

A plaintiff may establish discrimination under Title VII by showing direct or circumstantial evidence that the plaintiff's status in a protected class was a motivating factor in an adverse employment action, or by relying on the burden-shifting scheme established by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x. 745, 747 (4th Cir. 2017) (citing *Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 213-14 (4th Cir. 2007)). The plaintiff need not commit to either of the two approaches at the motion to dismiss stage. *Chen v. Md. Dep't of Health & Mental Hygiene*, No. ELH-15-1796, 2016 U.S. Dist. LEXIS 117045, 2016 WL 4539204, at *17 (D. Md. Aug. 29, 2016).

Under the *McDonnel Douglas* framework, the plaintiff must first establish a prima facie case of discrimination. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 318–20 (4th Cir. 2005). If a plaintiff establishes a prima facie case, a presumption of illegal discrimination or retaliation arises, and the burden of production shifts to the employer to state a legitimate, non-discriminatory reason for its adverse action. *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 336 (4th Cir. 2011). "If the defendant carries this burden of production, the presumption raised

by the prima facie case is rebutted." *Texas Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 255 (1981). To prevail, the plaintiff must then prove, by a preponderance of evidence, "that the [employer's] proffered reason was not the true reason for the employment decision" and that the plaintiff "has been the victim of intentional discrimination." *Id.* at 256.

However, the *McDonnel Douglas* proof scheme is "a procedural device, designed only to establish an order of proof and production." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 521 (1993). The "prima facie case under *McDonnell Douglas* . . . is an evidentiary standard," "not a pleading requirement." *Swierkiewicz v. Sorema*, 534 U.S. 506, 510 (2002). At the motion to dismiss stage, a plaintiff need not establish a prima facie case of discrimination under *McDonell Douglas*; she must instead satisfy the pleading standard established in *Iqbal* and *Twombly*. *See Woods v. City of Greensboro*, 855 F.3d 639, 648 (4th Cir. 2017). Thus, a plaintiff must allege sufficient facts to support a reasonable inference that an adverse action was motivated by unlawful discrimination. *See McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 584–86 (4th Cir. 2015); *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd sub nom. Coleman v. Ct. of Appeals of Md.*, 566 U.S. 30 (2012). And reference to the elements of a prima facie claim of discrimination "is helpful to gauge the sufficiency of the allegations[,]" even if the pleading is not actually required to satisfy all the elements. *Gaines v. Balt. Police Dep't*, 657 F. Supp. 3d 708, 734 (D. Md. 2023).

Here, Plaintiff alleges that she was terminated on the basis of her sex. To state a claim for discrimination under Title VII, a plaintiff must allege: "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Goode v. Cent. Va. Legal Aid*

9

*Soc'y, Inc.*, 807 F.3d 619, 626 (4th Cir. 2015) (quoting *Coleman*, 626 F.3d at 190).

As a woman, Williams-Johnson is a member of a protected class, and her termination is clearly an adverse employment action. However, Plaintiff's Complaint does not allege that she had satisfactory job performance, nor does Williams-Johnson adequately allege that similarly situated employees outside the protected class received more favorable treatment.

To be clear, with respect to the last element, a plaintiff is "not required as a matter of law to point to a similarly situated comparator to succeed on a discrimination claim." *Haywood v. Locke*, 387 F. App'x 355, 359 (4th Cir. 2010), *see Bryant v. Aiken Reg'l Med. Ctrs., Inc.*, 333 F.3d 536, 545–46 (4th Cir. 2003). But where, as here, "a plaintiff attempts to rely on comparator evidence to establish circumstances giving rise to an inference of unlawful discrimination," the plaintiff must demonstrate that the comparator is similarly situated in all relevant respects. *Swaso*, 698 F. App'x at 748.

Therefore, a plaintiff must allege facts showing that she is "similar in all relevant respects to [her] comparator." *Haywood*, 387 F. App'x at 359. This includes "that the employees 'dealt with the same supervisor, [were] subject to the same standards and . . . engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.'" *Id.* (quoting *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992)); *see Sawyers v. United Parcel Serv.*, 946 F. Supp. 2d 432, 442 n.10 (D. Md. 2013). While the comparison "'will never involve precisely the same set of work-related offenses occurring over the same period of time and under the same set of circumstances,'" *Haynes v. Waste Connections, Inc.*, 922 F.3d 219, 223–24 (4th Cir. 2019) (citation omitted), "[i]f a plaintiff wishes to prove that a defendant's legitimate, non-

10

discriminatory explanation is pretext by pointing to other employees who were treated differently, '[t]he similarity between comparators . . . must be clearly established in order to be meaningful.'" *Swaso*, 698 F. App'x at 748 (citation omitted). Thus, a complaint's conclusory assertions that the plaintiff and a coworker are on equal footing is insufficient to nudge a discrimination claim across the line from conceivable to plausible. *Id.*

Plaintiff's Complaint refers to one male comparator in an effort to support an inference that Defendant unlawfully discriminated her. (ECF No. 1 ¶¶ 16–17, 23.) While Plaintiff alleges that this male comparator was "accused of sexual harassment" and "not terminated," she does not allege any facts showing that she and the proffered comparator were on equal footing. More generally, the Complaint offers no facts to support an inference that Plaintiff's employment was terminated on account of her sex. *See Gaines*, 657 F. Supp. 3d at 735 ("[T]he adverse action must have 'occurred under circumstances that raise a reasonable inference of unlawful discrimination.'"(quoting *Sempowich v. Tactile Sys. Tech., Inc.*, 19 F.4th 643, 650 (4th Cir. 2021)). Accordingly, Plaintiff's Motion to Dismiss (ECF No. 10) is GRANTED with respect to Count I of the Complaint.

**II.     Plaintiff's Common Law Defamation Claim**

In Count II, Williams-Johnson complains that "Defendant caused [her] to be escorted out its facility by security, in front of coworkers, as though she were a criminal" and further alleges that because she "has been approached by members of the community not associated with [Defendant], who nonetheless know she was terminated for 'sexual harassment,'" that Defendant "clearly published these false and defamatory statements to third parties." (ECF No. 1 ¶¶ 26–32.) Under Maryland law, in order for a defamation claim to withstand a motion

to dismiss, a plaintiff must allege facts supporting four elements: "(1) the defendant made a defamatory statement to a third person (a requirement known as publication); (2) the statement was false; (3) the defendant was legally at fault in making the statement; and (4) the plaintiff thereby suffered harm." *Doe v. Johns Hopkins Health Sys. Corp.*, 274 F. Supp. 3d 355, 365 (D. Md. 2017) (citing *Gohari v. Darvish*, 767 A.2d 321, 327 ( Md. 2001)). "To satisfy federal pleading standards, a plaintiff must specifically allege each defamatory statement." *Doe v. Salisbury Univ.*, 123 F. Supp. 3d 748, 758 (D. Md. 2015). A plaintiff alleging defamation "need not plead detailed allegations as to each one of the who, what, where, and when, in order to state a claim. But, they must provide more than vague and hazy allegations as to at least some of these questions. Their failure to do so renders their pleading deficient." *State Farm Mut. Auto. Ins. Co. v. Slade Healthcare, Inc.*, 381 F. Supp. 3d 536, 568 (D. Md. 2019).

To satisfy the publication requirement, a plaintiff must sufficiently allege "that the alleged defamatory words were 'seen or heard by some person other than the plaintiff and defendant.'" *Lucas v. Moore Transp. of Tulsa, LLC*, No. CV RDB-18-0888, 2018 U.S. Dist. LEXIS 144101, 2018 WL 4052194 at *4 (D. Md. Aug. 24, 2018) (quoting *Great Atl. & Pac. Tea Co. v. Paul*, 261 A.2d 731, 734–35 (Md. 1970)). The Complaint merely complains that she was escorted out by security in front of coworkers and further alleges that because individuals unaffiliated with Defendant nonetheless knew she was terminated for "sexual harassment," Paris Food must have "published these false and defamatory statements to third parties." (ECF No. 1 ¶¶ 26–32.) However, Plaintiff's Complaint offers no facts that demonstrate that Defendant ever communicated the circumstances of Plaintiff's termination to anyone other

12

than to Plaintiff herself. (ECF No. 1 ¶ 28.) At bottom, Plaintiff's failure to plausibly fulfill this first element warrants dismissal of the claim.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 10) shall be GRANTED. Plaintiff Floretta Williams-Johnson's Complaint (ECF No. 1) is DISMISSED pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. As a general rule, leave to amend a complaint to address deficiencies in an original complaint is freely given pursuant to Rule 15(a). Indeed, there is authority that a plaintiff should be given at least one opportunity to amend a complaint before a dismissal of a case with prejudice. *See Harvey v. CNN, Inc.*, 520 F. Supp. 3d 693, 725 (D. Md. 2021) (citing *Silva v. Bieluch*, 351 F.3d 1045, 1048 (11th Cir. 2003)). However, there is authority that leave to amend does not need to be granted unless requested by the plaintiff. *Id.* (citing *Cent. Laborers' Pension Fund v. Integrated Elec. Servs. Inc.*, 497 F.3d 546, 555–56 (5th Cir. 2007)). Nevertheless, leave to amend may be denied if such amendment is deemed futile. *Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 624 (4th Cir. 2015).

Plaintiff Floretta Williams-Johnson has alleged one claim of discrimination on the basis of sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17, and the Maryland Fair Employment Practices Act ("MFEPA"), MD. CODE ANN., STATE GOV'T § 20-606, (ECF No. 1 ¶¶ 22–25); and one claim for common law defamation, (*id.* ¶¶ 26–32), against her former employer, Defendant Paris Foods Corporation. Through her Complaint, Plaintiff failed to plausibly allege both claims. Nevertheless, Plaintiff may file an Amended Complaint within fifteen days of this Opinion, i.e., by March 25, 2025. Such an

Amended Complaint may still be subject to dismissal by reason of repeated failure to cure deficiencies or futility of the amendment. *Harvey*, 520 F. Supp. 3d at 725 (citing *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008)). Accordingly, the DISMISSAL will initially be WITHOUT PREJUICE. If an Amended Complaint is not filed by March 25, 2025, the Clerk of this Court is instructed to CLOSE this case with DISMISSAL WITH PREJUDICE.

    A separate Order follows.

Date: March 10, 2025

                                                      /s/
                                                Richard D. Bennett
                                                United States Senior District Judge