IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FLORETTA WILLIAMS-JOHNSON, | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Action No. RDB-24-1197 |
| PARIS FOODS CORP., | * | |
| *Defendant*. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM ORDER**

Through the instant litigation, Plaintiff Floretta Williams-Johnson ("Plaintiff" or "Williams-Johnson") alleges that her former employer, Defendant Paris Foods Corporation ("Defendant" or "Paris Foods"), discriminated against her on the basis of sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17, and the Maryland Fair Employment Practices Act ("MFEPA"), MD. CODE ANN., STATE GOV'T § 20-606. (Amended Complaint, ECF No. 17.)[1] While this Court previously dismissed Plaintiff's original Complaint (ECF No. 1) in granting a motion to dismiss (ECF No. 10) filed by Defendant pursuant to Fed. R. Civ. P. 12(b)(6), the dismissal was without prejudice and with leave to Plaintiff to file an amended pleading. (ECF Nos. 15; 16.) After Williams-Johnson filed an Amended Complaint (ECF No. 17), Paris Foods filed a Motion to Dismiss the Amended Complaint (ECF No. 18), which is fully briefed (ECF Nos. 19 (Plaintiff's Response); 22

---

[1] For clarity, this Memorandum Order cites to the ECF generated page number, rather than the page number at the bottom of the parties' various submissions, unless otherwise indicated. Likewise, this Memorandum Order cites to the ECF generated document number, rather than the exhibit number provided by the parties' various submissions.

(Defendant's Reply)) and instantly before the Court. The parties' submissions have been reviewed and no hearing is necessary. Loc. R. 105.6 (D. Md. 2025). For the reasons that follow, Defendant's Motion to Dismiss the Amended Complaint (ECF No. 18) is DENIED.

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). Except where otherwise indicated, the following facts are derived from Plaintiff's Amended Complaint (ECF No. 17), and accepted as true for the purpose of Defendant's Motion to Dismiss the Amended Complaint (ECF No. 18).

Plaintiff Floretta Williams-Johnson is a woman who, from September 2021 until her termination on September 5, 2023, was employed as a production worker at Defendant Paris Food Corporation's facility in Trappe, Maryland. (ECF No. 17 ¶¶ 4, 6–7.) Plaintiff alleges that, on August 31, 2023, while socializing with coworkers in the breakroom, she gifted her coworker Kenyatta Peterson ("Peterson") "a bottle of homemade lotion—as Ms. Peterson had requested—as well as a nightgown and a Leap Pad game system for one of [Peterson's] sons." (*Id.* ¶¶ 10–11.) Williams-Johnson alleges that Peterson thanked her before the two exited the breakroom to begin their shifts. (*Id.* ¶ 11.)

Plaintiff alleges that she worked her shifts on August 31, 2023 and September 1, 2023 without incident. (*Id.* ¶ 12.) However, Williams-Johnson alleges that five days after the incident—on September 5, 2023—she was called into a meeting with Paris Food's Production Manager Kyrie Manokey and Human Resources Manager Katie Liveston ("Liveston"). (ECF

2

Nos. 1 ¶ 11; 17 ¶ 13.)  Williams-Johnson alleges that during that meeting, she was informed that Peterson had filed a sexual harassment complaint against her, wherein Peterson alleged that Plaintiff had gifted her a nightgown and grabbed her hand, and that both gestures were unwelcome and "immediately reported" to Angela Jones, a Production Supervisor at Paris Foods.  (ECF No. 17 ¶¶ 14–16.)  According to Plaintiff, Liveston "acknowledged . . . that [Plaintiff] likely 'didn't mean any harm' by her conduct," but claimed "[Defendant] had 'no choice' but to 'treat her like a man' and terminate her for violating the company's sexual harassment policy."  (*Id.* ¶ 17.)  Williams-Johnson further alleges that she was given a written notice of termination prepared by Jones during that meeting, which stated that Plaintiff had "grabbed" Ms. Peterson's hand while the two were working together on August 31, 2023, and that Jones "deemed [the nightgown] to be 'intimate.'"  (*Id.* ¶¶ 14–15.)  Plaintiff alleges that prior to her termination, she "was never disciplined," "never received a negative performance review," and was given a raise in 2022.  (*Id.* ¶¶ 6, 9.)

After her termination, Plaintiff alleges that she "encountered Ms. Peterson in the community outside of work" on September 10, 2023, and Peterson allegedly told her that "the sexual harassment complaint had been orchestrated by Ms. Jones."  (*Id.* ¶¶ 23–24.)  According to Plaintiff, Peterson recounted that after she showed Jones the gifts, Jones "kept insisting the nightgown was 'inappropriate'" and asked Peterson: "Why is [Plaintiff] giving you stuff like that?  Is she gay or something?"  (*Id.* ¶ 24.)  Plaintiff alleges that Peterson told her that Jones told her to file a complaint, and that Jones "had instructed [Peterson] exactly what to write in the complaint—including fabricating the claim that [Plaintiff] had grabbed [her] hand."  (*Id.* ¶¶ 24–25.)

Plaintiff also alleges that in December 2023—approximately three months after her termination—William Cruz Vazquez ("Vazquez"), a male production worker who Plaintiff alleges had previously "flirt[ed] with Ms. Peterson," "urinated in front of Ms. Peterson and then assaulted [a] fellow employee," and was then reported "to HR." (*Id.* ¶¶ 20–21.) According to Plaintiff, "Vazquez was neither terminated nor disciplined in any meaningful way," despite a fellow employee's "protest." (*Id.*)

Sometime after her termination, Williams-Johnson filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). (*Id.* ¶ 3.) On April 3, 2024, the EEOC "granted [Plaintiff's] request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed," thereby "terminating [the EEOC's] processing of this charge. (*Id.*; *see also* ECF No. 1-1.)

On April 24, 2024, Williams-Johnson initiated the instant lawsuit against Paris Foods by filing the original Complaint (ECF No. 1), alleging one count of discrimination on the basis of sex, in violation of Title VII and MFEPA, (*id.* ¶¶ 22–25); and one count of common law defamation, (*id.* ¶¶ 26–32). Defendant moved to dismiss the original Complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff failed to state a claim for discrimination and defamation. (ECF No. 10.) The Court granted Defendant's motion and dismissed the original Complaint without prejudice, affording Plaintiff leave to file an amended pleading. (ECF Nos. 15; 16.)

On March 10, 2025, Williams-Johnson filed the operative one-count Amended Complaint (ECF No. 17). While she withdrew her defamation claim, the Amended Complaint

4

alleged additional facts in support of her claims for discrimination. (ECF No. 17-1.) Paris Foods then filed the pending Motion to Dismiss the Amended Complaint (ECF No. 18), which seeks dismissal of Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff responded in opposition (ECF No. 19), and Paris Foods replied (ECF No. 22). This motion is ripe for review.

## STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P 8(a)(2). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotations omitted).

To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (quoting *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). A complaint need not include "detailed factual allegations." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint must, however, set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted). "Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 556 U.S. at 678; *see A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

## ANALYSIS

Through her Amended Complaint, Williams-Johnson asserts one claim of discrimination on the basis of sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17, and the Maryland Fair Employment Practices Act, MD. CODE ANN., STATE GOV'T § 20-606.[2] (ECF No. 17 ¶¶ 27–29.) Through its Motion to Dismiss the Amended Complaint, Defendant seeks dismissal of Plaintiff's claim for "fail[ure] to plead facts making it plausible that her sex was the reason for her termination." (ECF No. 18 at 5–10.)

Title VII of the Civil Rights Act of 1964 proscribes discrimination in employment on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). As a precondition to the commencement of a Title VII action in court, a complainant must first file a charge with the EEOC. *Fort Bend Cnty. v. Davis*, 587 U.S. 541, 543 (2019) (citing 42 U.S.C. § 2000e-5(e)(1), (f)(1)). Plaintiff filed a charge of discrimination with the EEOC, which subsequently issued her a right-to-sue letter dated April 3, 2024. (ECF No. 1-1.) Williams-Johnson commenced this lawsuit on April 24, 2024. As such, it is undisputed that Plaintiff exhausted administrative remedies prior to commencement of this Title VII action.

At trial, a plaintiff may establish discrimination under Title VII by showing direct or circumstantial evidence that the plaintiff's status in a protected class was a motivating factor

---

[2] Because Maryland courts "traditionally seek guidance from federal cases in interpreting [MFEPA]" *Haas v. Lockheed Martin Corp.*, 914 A.3d 735, 742 (Md. 2007), the Court discusses MFEPA under the Title VII framework.

in an adverse employment action, or by relying on the burden-shifting scheme established by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x. 745, 747 (4th Cir. 2017) (citing *Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 213-14 (4th Cir. 2007)). The plaintiff need not commit to either of the two approaches at the motion to dismiss stage. *Chen v. Md. Dep't of Health & Mental Hygiene*, No. ELH-15-1796, 2016 WL 4539204, at *17 (D. Md. Aug. 29, 2016).

Under the *McDonnel Douglas* framework, the plaintiff must first establish a prima facie case of discrimination. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 318–20 (4th Cir. 2005). If a plaintiff establishes a prima facie case, a presumption of illegal discrimination or retaliation arises, and the burden of production shifts to the employer to state a legitimate, non-discriminatory reason for its adverse action. *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 336 (4th Cir. 2011). "If the defendant carries this burden of production, the presumption raised by the prima facie case is rebutted." *Texas Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 255 (1981). To prevail, the plaintiff must then prove, by a preponderance of evidence, "that the [employer's] proffered reason was not the true reason for the employment decision" and that the plaintiff "has been the victim of intentional discrimination." *Id.* at 256.

However, the *McDonnel Douglas* proof scheme is "a procedural device, designed only to establish an order of proof and production." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 521 (1993). The "prima facie case under *McDonnell Douglas* . . . is an evidentiary standard," "not a pleading requirement." *Swierkiewicz v. Sorema*, 534 U.S. 506, 510 (2002). At the motion to dismiss stage, a plaintiff need not establish a prima facie case of discrimination under *McDonell Douglas*; she must instead satisfy the pleading standard established in *Iqbal* and *Twombly*. *See*

7

*Woods v. City of Greensboro*, 855 F.3d 639, 648 (4th Cir. 2017). Thus, a plaintiff must allege sufficient facts to support a reasonable inference that an adverse action was motivated by unlawful discrimination. *See McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 584–86 (4th Cir. 2015); *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd sub nom. Coleman v. Ct. of Appeals of Md.*, 566 U.S. 30 (2012). And reference to the elements of a prima facie claim of discrimination "is helpful to gauge the sufficiency of the allegations[,]" even if the pleading is not actually required to satisfy all the elements. *Gaines v. Balt. Police Dep't*, 657 F. Supp. 3d 708, 734 (D. Md. 2023).

Here, Plaintiff alleges that she was terminated on the basis of her sex. To state a prima facie claim for discrimination under Title VII, a plaintiff must allege: "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 626 (4th Cir. 2015) (quoting *Coleman*, 626 F.3d at 190). As a woman,[3] Williams-Johnson is a member of a protected class, and her termination is clearly an adverse employment action. While Plaintiff previously did not allege any facts about her job performance, she now alleges that from the time she was hired in September 2021 through the days leading up to her termination in September 2023, she "was never disciplined and never received a negative performance review[,]" "received a raise in 2022[,]" and "was successful in her employment." (ECF No. 17 ¶ 6.)

---

[3] Through her Amended Complaint, Plaintiff alleges new facts related to her possible perceived sexual orientation. (ECF No. 17 ¶ 24 (alleging that Jones asked "[i]s [Plaintiff] gay or something?"); *id.* ¶ 18 (alleging that she told Defendant that she is "a heterosexual married woman").) The protections extended by Title VII and MFEPA apply with equal force to discrimination based on sexual orientation or gender identity. *See Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 120 (4th Cir. 2021) (citing *Bostock v. Clayton Cnty.*, 590 U.S. 644 (2020)).

8

As to the fourth element, that Williams-Johnson was subjected to "different treatment from similarly situated employees outside the protected class"—Plaintiff alleges that Vazquez—a male employee who allegedly urinated in front of Peterson and then assaulted another employee in December 2023—was "neither terminated, nor disciplined in any meaningful way" following "accus[ations] of sexual harassment." (*Id.* ¶¶ 19–21.) She further alleges that, during their "encounter" on September 10, 2023, Peterson allegedly told Williams-Johnson that Jones—Defendant's employee and Plaintiff's direct supervisor who allegedly prepared Plaintiff's written Notice of Termination—questioned Plaintiff's sexuality. (*Id.* ¶¶ 23–25.)

Defendant's Motion to Dismiss the Amended Complaint and reply focus largely on whether Vazquez is an appropriate comparator. (ECF Nos. 18 at 5–10; 22 at 4–7.) Before addressing those arguments, the Court finds it prudent to emphasize that the Fourth Circuit has repeatedly held that "a plaintiff is not required to identify a similarly situated [] comparator to prove her discrimination claim, so long as she can establish an inference of unlawful discrimination through other means." *Swaso*, 698 F. App'x. at 748 (citing *Bryant v. Aiken Reg'l Med. Ctrs., Inc.*, 333 F.3d 536, 545–46 (4th Cir. 2003)). Therefore, "in appropriate cases, courts may find that the plaintiff has stated a prima facie case despite failing to identify a similarly situated comparator where the plaintiff's evidence supports an inference of discrimination." *Mabry v. Capital One, N.A.*, No. AW-13-2059, 2013 WL 6410983, at *2 (D. Md. Dec. 6, 2013) (citing *Miles v. Dell, Inc.*, 429 F.3d 480, 487 (4th Cir. 2005)). To the extent Plaintiff alleges sex discrimination based on her perceived sexual orientation, the Amended Complaint, read favorably, states facts showing unlawful discrimination based on the totality of the

9

circumstances sufficient to overcome the need to demonstrate a similarly situated comparator. That is, Plaintiff's allegation that Jones—her direct supervisor that allegedly prepared the written Notice of Termination—questioned Plaintiff's sexuality is sufficient to support an inference of discriminatory conduct.

The Court turns to address Defendant's arguments regarding the sufficiency of the proffered comparator Vazquez. Defendant contends (1) that Plaintiff has "not allege[d] any facts showing that she and [Vazquez] were on equal footing," and (2) that Plaintiff has not alleged that she and Vazquez engaged in "identical conduct."[4] (ECF Nos. 18 at 5–10; 22 at 4–7.) The Court finds that the similarities alleged between Plaintiff and Vazquez in the Amended Complaint are sufficient to show that Williams-Johnson and Vazquez were "similar in all relevant respects." *Haywood v. Locke*, 387 F. App'x 355, 359 (4th Cir. 2010). Plaintiff's Amended Complaint alleges that she and Vazquez were both production workers at the same facility, and further alleges that both she and Vazquez were both accused of workplace sexual harassment around the same time, but Plaintiff suffered an adverse employment action but Vazquez did not.[5] The Court is satisfied that the Amended Complaint alleges sufficient facts to support a plausible inference that the adverse action was motivated by unlawful

---

[4] Defendant offers this Court's decision in *Johnson v. Baltimore Police Department*, No. RDB-23-2215, 2025 WL 35926 (D. Md. Jan. 6, 2025) as supporting authority. While this Court found the comparators proffered by the plaintiff in *Johnson* not to be similarly situated, it was not because the comparators were not identical, but rather because the plaintiff in *Johnson* was accused of assault and making a false statement, but her comparators had engaged in materially different conduct, such as driving under the influence and use of excessive force, or were not otherwise similarly situated, as was the case where a different employer dropped charges after conducting an improper investigation. *Id.* at *4, *11–12.

[5] While this Court previously explained that Plaintiff's original Complaint did not allege any facts showing that she and the proffered comparator were on equal footing, (ECF No. 15 at 11), the Amended Complaint makes clear that the referenced incident involved a "male production worker" (whereas the original Complaint noted the incident involved a "male employee"); and that the referenced incident occurred in December 2023 (whereas the original Complaint made no mention of when the referenced incident occurred). (ECF No. 17-1.)

discrimination. *McCleary-Evans*, 780 F.3d at 584–86. Accordingly, Defendant's Motion to Dismiss (ECF No. 18) is DENIED.

## CONCLUSION

For the reasons stated above, it is hereby ORDERED this 7th day of August, 2025, that: Defendant's Motion to Dismiss the Amended Complaint (ECF No. 18) is DENIED.

Date: August 7, 2025                                   /s/
                                                                    Richard D. Bennett
                                                                    United States Senior District Judge